UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: PATTI-ANN BEAUCAGE,         n/a
        Debtor(s)                                      Case No:

SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from schedules A, B, C, D, E, F, G, H, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED | NO. SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A — Real Property | Yes | 1 | 0.00 | | |
| B — Personal Property | Yes | 3 | $87,794 | | |
| C — Property Claimed as Exempt | Yes | 1 | | | |
| D — Creditors Holding Secured Claims | Yes | 1 | | 2159.92 | |
| E — Creditors Holding Unsecured Priority Claims | Yes | 2 | | 0.00 | |
| F — Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | 27,677.62 | |
| G — Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H — Codebtors | Yes | 1 | | | |
| I — Current Income of Individual Debtor(s) | Yes | 1 | | | 1807 |
| J — Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 1673 |
| Total number of sheets in all Schedules Ø | | 14 | | | |
| Total Assets Ø | | | $87,794 | | |
| Total Liabilities Ø | | | | $29,837.54 | |

SCHEDULE A- REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers excercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H","W","J", or "C" in the third column labeled "Husband, Wife, Joint or Community." if the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a security interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C—Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSB WIFE JOINT COM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | | 0.00 | TOTAL |

### SCHEDULE B— PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C— Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G— Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSB. WIFE JOINT COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTION OF ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | | | 10 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Living room set, television, and camcorder under a year old; two-year-old refrigerator; five rooms used furniture, furnishings and household goods, television; no item worth over $475 | | 2,600 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Ordinary books and music albums of debtor and two minor children | | 100 |
| 6. Wearing apparel. | | Ordinary wearing apparel of debtor and two minor children | | 200 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | X | | | |

plans.  Itemize.

| | | | | |
|---|---|---|---|---|
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | | Robert L. Proulx, child support @$80/week for past 17 years, plus interest and penalties | | 74,0000 |
| 17. Other liquidated debts owing debtor including tax refunds.  Give particulars. | | Net wages earned since January 5, 2005 @420/week | | 84. |
| | | Tax refunds for 2004, est. | | 2,400 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Possible claims against H & R Block for negligence, breach of contract, and unfair and deceptive trade practices; in early stages of investigation by atty | | 10,000 |
| 21. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops— growing or harvested. give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |

| | | | | | |
|---|---|---|---|---|---|
| 33. Other personal property of any kind not already listed.  Itemize. | X | | | | |
| | | <u>0</u>   continuation sheets attached | Total | $ | **$89,394** |

Include amounts from any continuation sheets attached.
Report also on Summary of Schedules.

SCHEDULE C— PROPERTY CLAIMED AS EXEMPT

Debtor(s) elect(s) the exemption to which the debtor(s) is entitled under:

[X]  11 U.S.C. §522(b)(1) Federal exemptions provided in 11 U.S.C. §522(d). Note: these exemptions are available *only in certain states*.
[ ] 11 U.S.C. §522(b)(2) Exemptions available under applicable nonbankruptcy federal laws, state or local laws where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180 day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law. Specifically, debtor selects the exemptions of the state of: _____

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Household furniture, furnishings, appliances, clothing, listed on Schedule B | 11 U.S.C. §522(d)(3) | 2,600* | 0 |
| Cash, wages held by employer, anticipated 2004 tax refund | 11 U.S.C. §522(d)(5) | 2,494* | 2,494 |
| Entitlement to current and back child support | 11 U.S.C. §522(d)(10)(D) | 74,000 | 74,000 |
| Unliquidated claims against H & R Block | 11 U.S.C. §522(d)(5) | 7,731 | 10,000 |
| | | *Debtor reserves the right to claim increased exempt values, up to the amounts allowed by law, in the event that her property is found to be worth more than originally claimed . | |

SCHEDULE D— CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and the last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H— Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C," in the column labeled "Husband, Wife, Joint or Community" (Abbreviated: H,W,J,C).

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is Disputed, place an "X" in the column labeled Disputed. You may need to place an X in more than one of these three columns.

Report the total of all claims listed on this Schedule D in the box labeled "Total" on the last sheet of the completed Schedule. Report this total also on the Summary of Schedules.

| Creditor's Name and Mailing Address Including Zip Code | C O D E B T O R | H W J C | Date Claim Was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion If Any |
|---|---|---|---|---|---|---|---|---|
| Acct No:  F6808407<br>Rent-a-Center<br>Store #1568<br>287 Washington Avenue<br>S. Attleboro  02703 | | | Parlor set (sofa, love seat, 3 tables) on 78-wk. rent-to-own contract dated 6/11/04, est. value, est. value 1,000. | | | X | 1,393.36 | 393.36 |
| Acct No: F6808408<br>Rent-a-Center<br>Store #1568<br>287 Washington Avenue<br>S. Attleboro  02703 | | | 30" television set on 38-wk rent-to-own contract dated 6/11/04, est. value $350 | | | | 283.97 | |
| Acct No: F6808954<br>Rent-a-Center<br>Store #1568<br>287 Washington Avenue<br>S. Attleboro  02703 | | | Video camcorder on 30-week rent-to-own contract dated 10/29/04, est. value 250 | | | | 482.59 | 232.59 |
| | | | | | | | 2159.92 | TOTAL |

(Report total also on Summary of Schedules)

## SCHEDULE E— CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and the last four digits of the account number, if any, of all entities holding priority claims against the debtor or property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity in the appropriate schedule of creditors, and complete Schedule HC Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an X in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

ÿ    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

O    **Extensions of credit in an involuntary case**.

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. ' 507(a)(2).

O    **Wages, salaries, and commissions**

Wages, salaries and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. ' 507(a)(3).

O    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. ' 507(a)(4).

O    **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to a maximum of $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. ' 507(a)(5).

O    **Deposits by individuals**

Claims of individuals up to a maximum of $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family or household use, that were not delivered or provided. 11 U.S.C. ' 507(a)(6).

O    **Alimony, Maintenance or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance or support, to the extent provided in 11 U.S.C. ' 507(a)(7).

O    **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. ' 507(a)(8).

O    **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. ' 507(a)(9).

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced after the date of adjustment.

| Creditor's Name and Mailing Address Including Zip Code | C O D E B T O R | H W J C | Date Claim Was Incurred, and Consideration for Claim | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|---|
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| Acct No: | | | | | | | | |
| | | | | | | | 0.00 | TOTAL |

(Report total also on Summary of Schedules)

SCHEDULE F— CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address,, including zip code, and the last four digits of any account number of all entities holding unsecured claims without priority against the debtor or property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use continuation sheets.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity in the appropriate schedule of creditors, and complete Schedule H— Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC" for "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "CONTINGENT." If the claim is unliquidated, place an "X" in the column labeled "UNLIQUIDATED." If the claim is disputed, place an "X" in the column labeled "DISPUTED." You may need to place an X in more than one of these three columns. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also in the Summary of Schedules.

| Creditor's Name and Mailing Address Including Zip Code | CODEBTOR | HWJC | Date Claim Was Incurred And Consideration for Claim If Claim is Subject to Setoff, so State | CONTINGENT | UNLIQUIDATED | DISPUTED | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Acct. No: 4227093715402818<br>Cross Country Bank<br>P. O. Box 85015<br>Richmond, VA  23285 | | | Credit card purchases 1989 - 2003, plus fees and finance charges.  Referred for collection to Capital Management Services, Inc., 726 Exchange St., Ste 700, Buffalo, NY  14210. | | | | 1544.94 |
| Acct No:<br>East Side Clinical Laboratory<br>Collections Dept.<br>221 Willett Avenue<br>Riverside, RI  02915 | | | Medical treatment | | | | 262 |
| Acct. No.:  5407 9150 1639 3982<br>Household Bank<br>P. O. Box 80084<br>Salinas, CA  93912 | | | Credit card purchases through 2004, plus fees and finance charges | | | | 329.89 |

| | | | | | |
|---|---|---|---|---|---|
| Acct No:......7615<br><br>Internal Revenue Service<br>Special Procedures<br> Function STOP20800<br>P. O. Box 9112<br>JFK Building<br>Boston, MA 02203 | | Tax deficiencies (assessed in January 2002) for alleged income taxes for tax years 1998, 1999, and 2000, plus interest and penalties. | | X | 5452.77 |
| Acct No:<br>Massachusetts Dept of Revenue<br>Bankruptcy Unit<br>P. O. Box 9484<br>Boston, MA 02205 | | Tax deficiencies (assessed 5/11/03) for alleged income taxes due for 1998, 1999, and 2000, plus interest and penalties. Referred for collection to Walker Assoc., Inc., 2 Oliver St., Boston, MA 02109. | | X | 2771.73 |
| Acct No: KNDJA723525112851<br>Kia Financial Services<br>P. O. Box 680020<br>Franklin, TN 37068 | X | Deficiency balance after repossession of motor vehicle. Creditor represented in pending court action by Lisa K. Anderson, Nair & Levin, PC., 707 Bloomfield Avenue, Bloomfield, CT 06002. | | | 13,056.74 |
| Progressive Financial Services<br>1919 W. Fairmont Ste 8<br>Tempe AZ 85282 | | Student loan 2002 | | | 2,500 |
| Acct No: 0144359193<br>Sprint PCS | | Cell phone service 2001. Referred for collection to NCO Financial Suystems, Inc., P. O. Box 41417, Dept. 99, Philadelphia, PA 19101 | | | 259.55 |
| Acct No:<br>Sturdy Memorial Hospital<br>211 Park Street<br>Attleboro, MA 02703 | | Laboratory and other medical services 2003 | | | 1500 |
| | | | | | 27,677.62 TOTAL |

(Report total also on Summary of Schedules)

### SCHEDULE G— EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.

State nature of debtor's interest in contract, i.e, "Purchaser," "Agent" etc. State whether the debtor is lessor or lessee of a lease.

Provide the name and complete mailing address of all other parties to each lease or contract described.

NOTE: a party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

| Name and Mailing Address, including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State Whether Lease is for Nonresidential real property. State Contract Number of any Government Contract |
|---|---|
| None | |

SCHEDULE H— CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signors. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse in this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of the case.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| Albert  A. Beaucage<br>49 Rosewood Avenue<br>S. Attleboro, MA  02703 | Kia Financial Services c/o<br>Lisa K. Anderson, Esq.<br>Nair and Levin, P.C.<br>707 Bloomfield Avenue<br>Bloomfield, CT  06002 |

## SCHEDULE I— CURRENT INCOME OF INDIVIDUAL DEBTORS

The column labeled "spouse" must be completed in all cases filed by joint debtors and by a married debtor in a Chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | |
|---|---|---|
| Divorced | RELATIONSHIP | AGE |
| | Two daughters | 17, 13 |

| EMPLOYMENT: | Debtor | Spouse |
|---|---|---|
| Occupation, Name of Employer: | Customer service representative, U.S. Emergency Glass | |
| How long employed: | 2 years | |
| Address of employer: | 166 Tosca Drive, Stoughton, MA  02072 | |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (Pro rate if not paid monthly) | 2408 | |
| Estimated monthly overtime | | |
| SUBTOTAL | 2408 | |
| LESS PAYROLL DEDUCTIONS | 601 | |
| a. Payroll taxes and Social Security | | |
| b. Insurance | | |
| c. Union dues | | |
| d. Other (Specify) | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | 601 | |
| TOTAL NET MONTHLY TAKE HOME PAY | 1807 | |
| Regular income from operation of business/profession/farm (attach  statement) | | |
| Income from real property | | |
| Interest and dividends | | |
| Alimony, maintenance, or support payments payable to the debtor for the debtor's use or that of the dependents listed above | | |
| Social security or other governmental assistance Specify: | | |
| Pension or retirement income | | |
| Other monthly income (Specify): | | |
| TOTAL MONTHLY INCOME | 1807 | |
| TOTAL COMBINED MONTHLY INCOME | $  1807 | (Report also on Summary of Schedules) |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document.

## SCHEDULE J— CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.
Prorate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.

| | |
|---|---:|
| Rent, home mortgage, or mobile-home lot rent      Are real estate taxes included?   Yes __x___   No _____ | 559 |
| Is property insurance included?   Yes _____   No ___x__ | |
| Utilities   Electricity and heating fuel | 200 |
| Water and sewer | |
| Telephone | 40 |
| Other utilities:   cable TV, internet | 100 |
| Home Maintenance, repairs, upkeep | |
| Food | 340 |
| Clothing | 100 |
| Laundry, dry cleaning | 5 |
| Medical and dental expenses | 100 |
| Transportation (not including car payments) | 60 |
| Recreation, clubs, entertainment, newspapers, magazines | 20 |
| Charitable contributions | |
| Insurance (not deducted from wages or inc. in mortgage pmt)      Homeowner's or renter's | |
| Life | |
| Health | |
| Auto | |
| Other insurance: | |
| Taxes (not deducted from wages or included in home mortgage) Specify: | |
| Installment payments (in Chapters 12 and 13, do not list  payments to be included in the plan) | |
| Auto payment: | |
| Other payment | |
| Alimony, maintenance, and support paid to others | |
| Payments for support of additional dependents not living at the debtor's home | |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| Other expenses:    cigarettes 86; school lunches 43; school supplies 20 | 149 |
| TOTAL MONTHLY EXPENSES (report also on Summary of Schedules) | 1673 |

DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __15__ sheets (Total shown on summary page plus 1) and that they are true and correct to the best of my knowledge, information and belief.


Date _____          Signature

PATTI-ANN BEAUCAGE


Date _____          Signature

n/a
(In joint case, both debtors must sign)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DECLARATION UNDER PENALTY ON BEHALF OF A CORPORATION

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (Total shown on summary page plus 1), and that I declare that they are true and correct to the best of my knowledge, information and belief.


Date _____

Signature



(Print or type the name of individual signing for debtor)
(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§152 and 3571.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: PATTI-ANN BEAUCAGE,        n/a  Debtor(s)                Case No. 05-10165

STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under Chapter 12 or Chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, must also complete Questions 19-25. Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

Definitions

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor, general partners of the debtor and their relatives; corporations of which the debtor is an officer, director or person in control; officers, directors, and owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

AMOUNT                    SOURCE (if more than one)
2004 – $34,188
2003 - 21,840

2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment trade or profession, or operation of the debtor's business during the two years immediately preceding the commencement of the case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

AMOUNT                    SOURCE

None

**3. Payments to creditors**

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must state payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| None | | | |

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| None | | | |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT/AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Kia Financial Services v. Albert Beaucage and Patti A. Beaucage,  No. 0434-DV-0681 | Action for damages | Attleboro District Court | Filed December 2004 |

b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Internal Revenue Service | January 7, 2005 | $273.16 - wages levied |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at foreclosure sale, transferred through a deed in lieu of foreclosure or returned to a seller within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE, SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| None | | |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME, LOCATION OF COURT, CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION, VALUE OF PROPERTY |
|---|---|---|---|

None

7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

None

8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

None

9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR, IF OTHER THAN DEBTOR | AMOUNT OF MONEY, OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Atty. Deborah G. Roher | January 7, 2005; Albert A. Beaucage | Costs  for this bankruptcy, $209 |

10. Other transfers

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND RELATIONSHIP OF TRANSFEREE; RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None

## 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, saving, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations and brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT; LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

None

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER INSTITUTION | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

None

## 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

None

## 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

None

## 15. Prior address of debtor

If the debtor has moved within two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

None

16. Spouses and Former Spouses

   If the debtor resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

 NAME

 None


17. Environmental Information

   For the purposes of this question, the following definitions apply:

   An "Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or materials into the air, land, soil, surface water, groundwater, or other medium, including but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

   A "Site" means any location, facility, or property as defined by any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including but not limited to, disposal sites.

   A "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and , if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| None | | | |

b. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| None | | | |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|
| None | | |

18. Nature, location and name of business

   a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

   If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|----------------------|---------|--------------------|----------------------------|
| None |  |  |  |  |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. ' 101.

| NAME | ADDRESS |
|------|---------|
| N/a |  |

The following questions [numbers 19 - 25] are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation, a partner, other than a limited partner, of a partnership; a sole proprietor, or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

* * * * * *

[To be completed by individual or individual and spouse]

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date:

PATTI-ANN BEAUCAGE

Date:

n/a

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and 3571.*

***************

___ Continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. '152 and 3571.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re        PATTI-ANN BEAUCAGE,        n/a
            Debtor(s)                              Case No:  05-10165

DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR
UNDER 11 U.S.C. 329 AND BANKRUPTCY RULE 2016(b)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, o r agreed to be paid to me, for services rendered or to be rendered on behalf o f the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept . . . . . . . . . . . . . $__700.00_____

Prior to the filing of this statement I have received . . . . . . $_ _0_____

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_700.00_____

2. The source of the compensation paid to me was:    []Debtor           []Other (specify)

3. The source of compensation to be paid to me is:    [x]Debtor          [X]Other (specify) OR DEBTOR'S FATHER

4. [x] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

  []I have agreed to share the above-disclosed compensation with a other person or persons w ho are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether
to file a petition in bankruptcy;

b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

d. Representation of the debtor in contested bankruptcy matters;

e. [Other provisions as needed]


6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
 Representation of the debtor in adversary proceedings


7. By agreement with the debtor, $500 of this fee will be considered earned at the time of filing the debtor's case and $200 at the time of discharge.


CERTIFICATION


I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.


  Date:


                         Deborah G. Roher
                         56 N. Main Street, #413
                         Attorneys for Debtor(s)